UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**OLAJUWON E. PERRY,**

    **Petitioner,**

v.                                                 Case No:   6:18-cv-171-Orl-31TBS

**ATTORNEY GENERAL STATE OF
FLORIDA and SECRETARY,
DEPARTMENT OF CORRECTIONS,**

    **Respondents.**

## ORDER

Petitioner, a pretrial detainee at the John E. Polk Correctional Facility, has filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2254. (Doc. 1.) Because Petitioner is a pretrial detainee, the Court construes the petition to be raised pursuant to 28 U.S.C. § 2241 and will consider it accordingly.[1]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part:[2]

---

[1] Pursuant to 28 U.S.C. § 2254, a person may seek habeas relief if he is "in custody pursuant to the judgment of a State court" based on a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner is a pretrial detainee, meaning he is not being held pursuant to a judgment after being convicted and sentenced. Consequently, 28 U.S.C. § 2241 is the proper statute by which to seek habeas relief. *See Thomas v. Crosby*, 371 F.3d 782, 785-87 (11th Cir. 2004).

[2] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition 'plainly reveals that relief is not warranted.'" *Trimble v. Allen*, No. 7:11-cv-7(HL), 2011 WL 672335, *1 (M.D. Ga. Feb. 17,

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In the petition, Petitioner makes numerous allegations concerning his pending state criminal proceedings. Specifically, Petitioner complains that he did not have an attorney for 180 days after being arrested and the state court forced him to represent himself at a hearing on his *pro se* motion for speedy trial violation. (Doc. 1 at 5.) Petitioner also contends that the prosecutor provided false information at the hearing. (*Id.* at 16.) Petitioner requests the discharge of all charges against him. (*Id.* at 15.)

"[A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). "'[F]ederal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.'" *Id.* (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)). "[T]here is a distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly

---

2011) (quoting *Ugwu v. Holder*, No. 1:10-CV-03152, 2010 WL 5476712 (N. D. Ga. Nov. 29, 2010)).

functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Id*. at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).[3] The distinction of whether a speedy trial claim may proceed depends upon the type of relief sought:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Dickerson*, 816 F.2d at 226 (quoting *Brown*, 530 F.2d at 1283). As such, courts have held that the constitutional right to speedy trial is not a per se "special circumstance" warranting federal habeas relief prior to the conclusion of the state proceedings. *See, e.g., Dickerson,* 816 F.2d at 227; *Brown*, 530 F.2d at 1282-84.

Review of the petition establishes that Petitioner is essentially requesting this Court to order the state court to stop prosecuting him because his right to speedy trial has been violated and he was denied counsel. Petitioner may not proceed on these claims because they are affirmative defenses to the charges in his pending state criminal proceeding.[4] *See Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985).

---

[3]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

[4]Furthermore, Petitioner has not demonstrated that he has exhausted any speedy trial or ineffective assistance of counsel claim raised in the instant petition. Additionally, Petitioner has not requested the Court to order the state court to try him on his pending

Furthermore, Petitioner can raise his challenges relating to the prosecution of his criminal case in his state court proceedings. Absent a showing of special circumstances, such as where necessary to prevent immediate and irreparable injury, federal courts should not stay or enjoin pending state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Petitioner has not demonstrated special circumstances warranting this Court's intrusion into the pending state court proceedings. *See Hughes v. The Eleventh Judicial Circuit of Florida*, 377 F.3d 1258, 1262-63 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised). Therefore, it appears that abstention is appropriate as to any claims regarding Petitioner's pending state criminal charges.

Accordingly, it is hereby **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. This Court should grant an application for certificate of appealability only

---

criminal charges based on a violation of his right to speedy trial. Thus, if Petitioner requests in the state court to be tried as soon as possible, the state court rejects this request, and he exhausts his remedies at the state level, he may then seek to force the State to proceed to trial by filing a petition for a writ habeas corpus pursuant to 28 U.S.C. § 2241. *See, e.g., Trimble*, 2011 WL 672335, at *2.

if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, Petitioner is **DENIED** a certificate of appealability.

3. The **Clerk of Court** is directed to close this case and enter judgment accordingly.

**DONE AND ORDERED** in Orlando, Florida, on March 12, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 13/12
Olajuwon E. Perry